IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO T. CASTRO, #1009511, | ) | |
|                 Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-0041-R |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|                 Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the United States Magistrate Judge follow.

**Parties**

Roberto T. Castro ("Petitioner") is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of TDCJ-CID.

**Procedural History**

A jury found Petitioner guilty of aggravated assault and retaliation and sentenced him to thirty-five years in the custody of TDCJ-CID. *State v. Castro*, Nos. F-0001450-W and F-0001451-W (363rd Dist. Court of Dallas County, Tex. Oct. 19, 2001). The state appellate court affirmed Petitioner's convictions. *Castro v. State*, Nos. 05-00-01777-CR and 05-00-01778-CR (Tex. App.– Dallas, Dec. 13.2001, pet. ref'd.). Petitioner sought discretionary review, but the Texas Court of Criminal Appeals refused his petitions on March 27, 2002. (Resp'ts Ans. Ex. A.)

Petitioner filed applications for writs of habeas corpus challenging his convictions on June 5, 2003. *Ex parte Castro*, Nos. 56,447-01 and 02 (Tex. Crim. App. Sept. 3, 2003). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. *Id*. at covers. Petitioner initiated this proceeding pursuant to 28 U.S.C. § 2254 on January 1, 2004.[1] Respondent seeks the petition's dismissal, contending it is barred by the statute of limitations. The Court notified Petitioner that he could file a reply within thirty days of Respondent's answer. (Order of Jan. 15, 2004.) Petitioner failed to file a reply.

**Issues**:

Petitioner attacks his conviction on two grounds:

1. The record contains no evidence to sustain the finding that he intended to cause serious injury to the victim with a knife; and

2. The state denied him a fair trial because the state's witness testified that Petitioner was on parole and that testimony violated an order sustaining a motion in limine.

## FINDINGS AND CONCLUSIONS

### Statute of Limitations

Respondent seeks dismissal of Petitioner's claims as barred by the statute of limitations in 28 U.S.C. § 2244(d) because Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year statute of limitations during which state inmates must file their federal habeas corpus petitions. *See* 28

---

[1] The petition for post-conviction relief was verified on January 1, 2004, but the clerk did not file stamp it until January 9, 2004. The Court will consider the motion filed as of the earlier date. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (pro se § 2254 petition deemed filed when delivered to prison authorities for mailing).

U.S.C. § 2244(d).[2]

The statute of limitations commenced when Petitioner's criminal convictions became final. 28 U.S.C. § 2244(d)(1)(A). On March 27, 2002, the Texas Court of Criminal Appeals refused his petitions for discretionary review. (*Id*.) The conviction therefore became final ninety days later, on June 25, 2002. *See* SUP. CT. R. 13; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding that state conviction becomes final for limitation purposes when time for seeking further direct review expires, irrespective of when the appellate court issues the mandate). The statute of limitations commenced on June 26, 2002.

The time during which a properly filed application for State post-conviction or other collateral review is pending is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2). Three hundred and forty-four days of the limitation period had expired when

---

[2] The terms of § 2244(d) provide as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner filed his state applications for writs of habeas corpus on June 5, 2003. The limitation period was tolled from June 5, 2003, until the Texas Court of Criminal Appeals denied the applications on September 3, 2003. At that point, Petitioner had twenty-one days of the limitation period remaining in which to file his federal petition. Accordingly, the federal petition had to be filed on or before September 24, 2003. Petitioner's § 2254 petition, filed January 1, 2004, is clearly barred by the statute of limitations.

Courts may equitably toll the AEDPA's one-year limitation period only in rare and exceptional circumstances. *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998). *See also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part,* 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling preserves a plaintiff's claims only when the Court finds that strict application of the statute of limitations would be inequitable. *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000); *Davis,* 158 F.3d at 810. Equitable tolling is reserved primarily for situations in which the defendant actively misleads the plaintiff about the cause of action or prevents him, in some extraordinary way, from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999).

Petitioner, who was given the opportunity to file a reply, has presented no grounds for equitable tolling of the statute of limitations.

## **RECOMMENDATION**

This Court recommends that the petition for a writ of habeas corpus be dismissed with

4

prejudice as barred by the AEDPA's one-year statute of limitations.

    Signed this 3rd day of October, 2005.

                                                                                                    _____
                                                                                                    PAUL D. STICKNEY
                                                                                                    UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Serv.s Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6